DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

# STATE OF NEW JERSEY,

## AT MARCH TERM, 1875.

---

VILLAGE OF PASSAIC v. STATE, THE DELAWARE, LACKA-
WANNA AND WESTERN RAILROAD COMPANY, PROSE-
CUTORS.

1. The charter of the village of Passaic provided for the assessment of
the cost of grading streets upon the lands fronting on the improve-
ment, in proportion to the benefit to be received by each lot or parcel
thereof—*held*, that the legislature intended by the language employed
"in proportion to the benefit to be received," not only ratio of assess-
ment, but limitation also, and by implication to have limited the
assessment to the amount of benefit. It is a necessary implication
from the language of the provision, that the assessment must be con-
fined to those whose lands are benefited by the improvement, because
the ratio is based on the benefit received.

2. It is essential to the validity of an assessment made under the provis-
ions of this charter, that it affirmatively and unequivocally appear
that the assessment does not exceed the benefits.

---

On error to the Supreme Court.

For former proceedings in this case, see *ante p.* 137.

Village of Passaic v. State, Del., Lack. & W. R. R. Co., pros.

For the plaintiffs in error, *T. M. Moore.*

For the defendants in error, *Vanatta.*

The opinion of the court was delivered by

THE CHANCELLOR. The writ of error in this case brings up for review the judgment of the Supreme Court upon a *certiorari* to remove an assessment against the land of the prosecutors, in the village of Passaic, for part of the cost of grading a street in that municipality. The assessment was levied under the 20th section of the charter of the village, (*Pamph. L.*, 1869, *p.* 317,) which provides for the assessment of the cost of such work upon the lands fronting on the improvement, in proportion to the benefit to be received by each lot or parcel thereof. The Supreme Court set aside the assessment on the ground that the legislature has not limited the assessment, in such cases, to the actual benefit, but in providing that the whole expense shall be assessed on the land fronting on the improvement, in proportion to the benefits, has made it necessary to assess the whole cost on that land, although the benefits derived by the property from the improvement may be by no means commensurate with the cost. The opinion condemns this provision as being in contravention of the right of the land owner, as recognized and established by judicial authority in this state. If, indeed, the provision will bear no other construction, this view is undoubtedly correct; but if it will reasonably admit of a construction in conformity with those rights, that construction should be adopted. Courts will sustain legislative action attacked on the ground of unconstitutionality, unless they are fully satisfied of its invalidity, and such a construction will be given to it, if practicable, as will give it effect. The provision under consideration is capable of such a construction, for it must be presumed that the legislature, in granting the power to levy and enforce the assessment, intended to protect and not to violate the rights above referred to. It must therefore be held that they intended, by the language em-

ployed, "in proportion to the benefit to be received," not only ratio of assessment, but limitation also, and by implication to have limited the assessment to the amount of benefit.  It is a necessary implication, from the language, that the assessment must be confined to those whose lands are benefited by the improvement, for the ratio is based on the benefit received. And, therefore, notwithstanding the language of the act, the legislature manifestly did not intend to authorize indiscriminate assessment on the property fronting on the improvement. It must also be presumed that they had in view, the plain dictates of natural and constitutional right, and therefore intended that such as were benefited should not be assessed beyond the limit established by natural justice and the fundamental law.    Nor does the fact, that the act is silent as to the mode of raising any deficiency which may be found to exist between the amount of the cost and the amount justly assessable on the basis of benefits, militate against this construction, for it was unnecessary to make provision for such deficiency. The cost of the improvement is to be paid out of the municipal treasury, and the municipality is to be reimbursed by assessment upon the land owners whose lands front on the improvement, if the extent of benefit received will permit. If not, the deficiency is to be raised by general taxation, as in justice it ought to be.  .  The construction now put on the provision under consideration, has the authority of judicial sanction.    *The Chatham Drainage Case,* 6  *Vroom* 497 ; *State, Graham, pros.,* v.  *Mayor, &c., of Paterson, ante p.* 380 ; *Canal Bank* v. *Mayor, &c., of Albany,* 9  *Wend.* 244.

The act must be construed as if it contained an express limitation of the assessment to the land benefited and the further limitation of the amount of the assessment to the benefit received.

It follows that it is essential to the validity of an assessment under this provision of the charter, that it affirmatively and unequivocally appear that the assessment does not exceed the benefit.    The intendment made in favor of the statute, will not, on established principle, be extended to the report

of the assessment. In this case, it does not appear that the assessment made upon the railroad company, was not in excess of the benefits. It may be remarked, also, that the only evidence in the cause on the subject, shows that the land of the company was in no wise benefited by the improvement. For these reasons, the judgment of the Supreme Court should be affirmed.

*For affirmance* — The CHANCELLOR, CHIEF JUSTICE, KNAPP, VAN SYCKEL, WOODHULL, DODD, GREEN, LILLY. 8.

*For reversal*—None.